[No. G028185. Fourth Dist., Div. Three. June 21, 2001.]

JUDITH NEAL, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
HERMAN NEAL, Real Party in Interest.

**COUNSEL**

Law Offices of McGregor & Mosier, Holly H. McGregor and Robert A. Moiser for Petitioner.

No appearance for Respondent.

Martin & McCormick, John D. Martin and Kathy J. McCormick for Real Party in Interest.

**OPINION**

**SILLS, P. J.**—Herman and Judith Neal got divorced in 1996; the judgment required Herman to pay Judith $25,000—about $21,000 to equalize the division of community property plus another $4,000 for child support arrears. Herman was to pay $15,000 of the amount immediately, and give Judith a promissory note for the balance, secured by a trust deed encumbering Herman's interest in the family residence. Additionally, Herman was ordered to pay about $2,500 a month as child support for the couple's three minor children, and another $750 in spousal support for a limited duration.

Herman apparently never paid any of the roughly $10,000 he owed under the note. By March 1999, Judith, strapped for funds, sold the note to a

collection agency for some $5,500. She also went to the district attorney to help her collect support arrearages which, she now alleges, exceeded $18,000.

Herman filed an order to show cause (OSC) to reduce his child support in September 1999; the OSC was heard on January 26, 2000, and resulted in this stipulation: Herman would pay Judith $11,500 as an accord and satisfaction. In return, Judith agreed to close her case with the district attorney and extinguish a wage assignment order served on Herman's employer (which supposedly would facilitate the loan), plus discharge Herman's obligation under the note and "take all steps necessary" to release the lien on his interest in the family residence. Judith agreed to release the lien and ask the district attorney not to press her claim because Herman had told her that these steps were necessary for him to obtain the loan on his interest in the house that he would use to pay her the $11,500.

Some six months later, according to Judith, Herman had not paid a dime toward the $11,500 obligation. So she filed a motion to set aside the January stipulation, based on the theory that Herman had misrepresented his intention to get the loan.

Within a fortnight Herman filed a civil complaint against Judith and the collection agency, alleging that he had satisfied the indebtedness reflected in the note, at least when "certain oral modifications" were taken into account. The complaint lists causes of action for declaratory relief, fraud, breach of contract, imposition of a constructive trust, and abuse of process.

The cause of action for declaratory relief is against both Judith and the collection agency and seeks to establish that Herman has, contrary to Judith's assertions, repaid his indebtedness on the loan. The fraud claim is against Judith only, and alleges that she made false statements on January 26, 2000 (i.e., at the OSC) to the effect that she had not assigned any interest in the note, that all sums due under it had been paid, and the original note had been lost, rather than sold.

The contract claim is also only against Judith. It alleges that she breached the "terms and conditions" of the "judgment," i.e., the *family law judgment*, by failing to reconvey the deed of trust even though Herman had "complied with the terms and conditions" of the note, deed of trust, and (family law) judgment.

The request for a constructive trust is against the collection agency. The complaint is not exactly clear as to what Herman is alleging,[1] but appears to charge that he has paid the collection agency money in discharge of the note that he wants back.

The fifth cause of action for abuse of process is based on Judith's allegedly false representations in family law court that induced Herman to agree to the January 26, 2000 stipulation (ironically, the one that Judith sought to set aside).

Judith filed a demurrer to the complaint, arguing that the family law court had jurisdiction over the matter because it was already pending in the family law court. The trial judge, no stranger to the litigation of domestic controversies in civil court (see *Askew v. Askew* (1994) 22 Cal.App.4th 942 [28 Cal.Rptr.2d 284]) overruled the demurrer, holding that the demurrer was "procedurally defective as outlined by the responding party" (Herman had argued that the demurrer violated rule 325 of the California Rules of Court by not specifying whether each ground of demurrer applied to the entire complaint or specified causes of action), and, further, that the court definitely had jurisdiction over the matter. Judith then filed a petition with this court.

▪ A recurrent theme in the family law opinions of this court is the disfavoring of civil actions which are really nothing more than reruns of a family law case. Not only *Askew*, but *Bidna v. Rosen* (1993) 19 Cal.App.4th 27 [23 Cal.Rptr.2d 251], and *D'Elia v. D'Elia* (1997) 58 Cal.App.4th 415 [68 Cal.Rptr.2d 324] all stand for the central idea that family law cases should not be allowed to spill over into civil law, regardless of whether the family law matter may be characterized as an action for fraud (*Askew*), malicious prosecution (*Bidna*), or securities law violation (*D'Elia*). Almost all events in family law litigation can be reframed as civil law actions if a litigant wants to be creative with various causes of action. It is therefore incumbent on courts to examine the substance of claims, not just their nominal headings.

---

[1] It's so short that we can quote it in full here:

"Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 30, inclusive, of this Complaint as though set forth in full. [¶] Plaintiff is informed and believes and thereon alleges that Defendants have invested or otherwise used monies paid to Defendants by Plaintiff for Defendants personal benefit. [¶] By reason of the manner in which the monies were obtained from Plaintiff, Defendants are involuntary trustees holding these monies, or assets acquired with such assets, in constructive trust for Plaintiff with the duty to convey same to Plaintiff forthwith. [¶] As a proximate result of the wrongful acts of the Defendants, Plaintiff has been damaged in an amount to be proven at time of trial, but in excess of $15,000, and Defendants hold this sum in constructive trust for Plaintiff."

The instant case is a perfect example. Herman has sued his ex-wife for breach of contract simply because she allegedly did not comply with the terms of a family law judgment. He has sued for fraud based on statements made at the family law OSC in January. He has sued her for abuse of process based on false representations in family law court. He has sued her for declaratory relief based on the dispute in the family law case over whether he has paid what he owes under the family law judgment. In substance this case is a family law OSC with civil headings.

Herman makes three arguments in his opposition to the writ.[2]

The first is almost frivolous: the failure to specify what causes of action were being demurred to. It is patently obvious that Judith was demurring to them all.

The second is that the civil court really does have jurisdiction. The argument is predicated on the assumption that unless the family law judgment specifically retained jurisdiction over all disputes regarding the note and deed of trust (and there is no language to that exact effect), any dispute over the note may be brought in civil court. This argument fails because it is framed too broadly. Herman's civil complaint is essentially about whether he paid the money that the family law judgment obligated him to pay. The note's role is wholly ancillary. Moreover, as explained above, the substance of Herman's claims against Judith all stem directly from the family law case.

Finally, he points out that the collection agency cannot be brought into the family court, because it has no interest in the community property of the parties (as such). True. But that doesn't mean that the demurrers to the causes of action against Judith only should not have been sustained. (The presence of the collection agency in the suit may be a sham—like in-state plaintiffs who sue out-of-state defendants but add a sham in-state defendant to defeat federal diversity jurisdiction. If Herman wants to press his claim for a constructive trust, he can, but the most likely result will be that the trial court will stay the constructive trust claim until the family law disputes have been resolved.)

We now grant the writ prayed for by Judith. The trial court is directed to sustain demurrers to the first, second, third and fifth causes of action without leave to amend. The alternative writ is discharged. Judith shall recover her costs for this proceeding. Moreover, because of the inextricable connection between Herman's supposedly civil causes of action and the family law case

---

[2]These arguments were all made in informal opposition to the writ petition. Herman has filed nothing since the issuance of the alternative writ.

(this case is merely family law waged by other means), we direct the *family law court* to make an appropriate attorney fee award in Judith's favor for having been dragged through this unnecessary excursion in the civil court. (See *Askew v. Askew, supra*, 22 Cal.App.4th at p. 966 [because civil action was "clearly duplicative of the family law action," defendant could recover fees in family court for having been "put to a wholly unnecessary legal expense"]; Fam. Code, § 271.)

Rylaarsdam, J., and O'Leary, J., concurred.