Filed 11/17/15  Alvary v. Lamey CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| GEORGE A. ALVARY,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SUZANNE C. LAMEY et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B261789<br>(Super. Ct. No. 56-2014-00448333-<br>CU-MC-VTA)<br>(Ventura County) |

Plaintiff George A. Alvary appeals a judgment of dismissal following the sustaining demurrers to five causes of action in his civil action against defendant Suzanne C. Lamey (Lamey), his ex-wife, and John H. Lamey and Donna A. Lamey (Lamey's parents).  Lamey and her parents are respondents on appeal.  We conclude, among other things, that:  1) the trial court properly sustained a demurrer to the first three causes of action because they involved setting aside a prior dissolution judgment and they should have been filed in family court, not as a civil action; 2) the trial court erred by ruling these three causes of action could not be transferred to the family court; 3) the trial court properly sustained a demurrer on the fourth cause of action, but the court should have granted leave to amend; and 4) the trial court erred by sustaining a demurrer to the fifth cause of action involving alleged fraudulent asset transfers because it fell within the applicable one-year statute of limitations.  We affirm in part and reverse in part.

FACTS

Alvary and Lamey were married in 2005. A final judgment of dissolution of their marriage was entered on February 13, 2013.

On February 5, 2014, Alvary filed a civil action against Lamey and her parents.

In his first three causes of action, Alvary alleged Lamey breached her "fiduciary duties" to him during the marriage by: 1) filing a false property declaration in the dissolution case which did not list money she concealed from him; 2) establishing secret bank accounts during the marriage in her name by making unauthorized diversions of funds from their joint checking account; 3) making transfers of money to her parents from his separate property which was to be used to pay "pre-construction costs" for a home they were building on her parents' land; and 4) by making an unauthorized "string of monthly payments from [a] joint checking account to her parents."

In his fourth cause of action, Alvary sought damages against Lamey's parents claiming Lamey made "a gift of pre-construction costs" to them from his separate property. He alleged this constituted a fraudulent transfer under the Uniform Fraudulent Transfer Act. (Civ. Code, § 3439.04.)

In his fifth cause of action, Alvary sought damages against Lamey's parents. He claimed Lamey made "two strings of payments" to her parents from a marital "joint checking account." Lamey made these secret transfers with the intent to defraud him.

The trial court sustained demurrers to the first four causes of action without leave to amend. It ruled the first three causes of action were not properly filed as part of a civil action. They had to be filed in family court. The fourth cause of action was barred by a four-year statute of limitations. The court sustained a demurrer to the fifth cause of action with leave to amend to allow Alvary to plead facts showing he came within the one-year statute of limitations for discovery of fraudulent transfers.

2.

Alvary amended his fifth cause of action.  The trial court sustained the demurrer without leave to amend.  It entered a "judgment for dismissal of entire case."

DISCUSSION

*Sustaining the Demurrer to the First Three Causes of Action*

Alvary contends the trial court erred by sustaining a demurrer to the first three causes of action.

We "'treat the demurrer as admitting all material facts properly pleaded . . . .'"  (*Moreno v. Sanchez* (2003) 106 Cal.App.4th 1415, 1422.)  "Because the trial court's determination is made as a matter of law, we review the ruling de novo."  (*Id.* at p. 1423.)

Lamey claims the first three causes of action were filed in a civil action, but they involved family law issues.  Consequently, they should have been filed in family court.  We agree.

In the "civil case cover sheet," Alvary described this action as an "unlimited" civil case seeking monetary relief that "exceeds $25,000."  In his first three causes of action, Alvary alleged Lamey had secretly transferred assets.  He requested "partial relief from *the judgment of dissolution by setting aside the division of property* as necessary to add reimbursement to [Alvary] by [Lamey]."  (Italics added.)  These are family law dissolution issues raised in a civil case.

"A recurrent theme in the family law opinions of this court is the disfavoring of civil actions which are really nothing more than reruns of a family law case."  (*Neal v. Superior Court* (2001) 90 Cal.App.4th 22, 25.)  "[F]amily law cases should not be allowed to spill over into civil law, regardless of whether the family law matter may be characterized as an action for fraud . . . , malicious prosecution . . . , or securities law violation . . . ."  (*Ibid.*)  "Almost all events in family law litigation can be reframed as civil law actions if a litigant wants to be creative with various causes of action."  (*Ibid.*)  Consequently, trial courts properly preclude these matters from being litigated in civil actions.  (*Id.* at pp. 25-26.)

3.

Alvary claims he filed this case as a civil action because he was advised to do so by superior court clerks. He claims those clerks consulted with a judge. But his reliance on this advice does not change the result. The demurrer to the first three causes of action was properly sustained because these causes of action were filed in the wrong court. (*Neal v. Superior Court*, *supra*, 90 Cal.App.4th 25.)

*Transfer*

Alvary claims these three causes of action should have been transferred to the family court.

The trial court initially agreed with Alvary. It ordered them transferred to that court. But it later ruled they could not be transferred to the family court. That result is incorrect.

Where family law causes of action are incorrectly filed in a civil action, they are properly transferred to the family court. (*Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1152 [the Court of Appeal said, "Because this matter arises under the Family Code, the matter is remanded to the family court for further proceedings"]; *Morgan v. Somervell* (1940) 40 Cal.App.2d 398, 400; *People v. Superior Court* (1930) 104 Cal.App. 276, 281[superior court has "inherent power to transfer a case to another department of the same court"]; see also Code Civ. Proc., § 402, subd. (a)(3) [where the case is filed in the wrong court, "the court may transfer the case on its own motion to the proper court location"].)

The joinder of family law causes of action and related civil causes of action against third parties in the civil action does not preclude a transfer or present a coordination problem. The family law causes of action may be transferred to family court, and the remaining civil causes of action may be stayed pending resolution of the family law issues. (*Neal v. Superior Court*, *supra*, 90 Cal.App.4th at p. 26; *Rubenstein v. Rubenstein*, *supra*, 81 Cal.App.4th at p. 1152.) A transfer is appropriate here. (*Rubenstein*, at p. 1152.)

*Statute of Limitations for the Fourth Cause of Action*

Alvary contends the trial court erred by sustaining a demurrer to his fourth cause of action without leave to amend. The court ruled it was barred by a four-year statute of limitations.

Alvary alleged: 1) Lamey transferred "in excess of $10,000 to her parents with no written promissory note, other documentation, or any value in exchange"; 2) Lamey was insolvent "at the time she made the payments"; and 3) this was "an unauthorized gift of [his] funds to her parents" as "defined in Civil Code § 3439.04," the Uniform Fraudulent Transfer Act.

Civil Code section 3439.04, subdivision (a) provides, in relevant part, "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligation . . . : [¶] (1) With actual intent to hinder, delay, or defraud any creditor of the debtor. [¶] (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either: [¶] (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction. [¶] (B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due."

This cause of action must be filed "within four years after the transfer was made." (Civ. Code, § 3439.09, subd. (a).)

Alvary filed this action on February 5, 2014. He alleged that in 2006 he made an agreement with Lamey and her parents regarding the construction of a home. He *authorized* her to "spend some of his separate property funds for pre-construction" costs for the home to be built on her parents' land. Lamey gave some of this money to her parents. Alvary alleged she made payments (or transfers) "between April 21, 2006, and February 5, 2007," and "in August 2007." The house "was constructed in 2009." There are no allegations that: 1) money earmarked for pre-construction costs was paid

5.

after 2009, 2) the parents received payments within four years from the filing of the complaint, or 3) there were any post-construction transfers or payments. As the trial court noted, a reasonable interpretation of the complaint shows: 1) the "pre-construction costs" were paid "between early 2006, when the parties entered into the agreement to build the house, and 2009, when the house was completed"; and 2) Alvary was aware of the transactions because he authorized Lamey to act.

While we agree that the trial court properly sustained a demurrer, Alvary should be given leave to amend just as he was on the fifth cause of action. (*Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 939 [the policy of law favors the "liberal allowance of amendments" to pleadings].)

*The Fifth Cause of Action*

The trial court sustained a demurrer to Alvary's fifth cause of action. Alvary alleged Lamey made fraudulent transfers of assets to her parents from a joint checking account. He contends he stated facts showing he was within the applicable one-year statute of limitations from the date of discovery. We agree.

Alvary alleged that in August 2013 he discovered a series of unauthorized payments Lamey had made to her parents from their joint checking account. The trial court sustained a demurrer to this cause of action with leave to amend. It said an action to recover money fraudulently transferred may be initiated "within one year after the transfer . . . was or could reasonably have been discovered by the claimant. " (Civ. Code, § 3439.09, subd. (a).) Alvary alleged he discovered the transfers within one year of the filing of the action. The court ruled the pleading was deficient. It said, "If plaintiff wishes to come under the protection of the one-year statute of limitation for fraudulent transfers involving 'actual fraud' he must allege specific facts showing both actual fraud and an inability to have made earlier discovery despite reasonable diligence."

Alvary filed an amended pleading. The trial court sustained a demurrer again, this time without leave to amend.

6.

Each spouse is required to act with " 'respect to the other spouse in the management and control of the community *assets and liabilities in accordance with the general rules governing fiduciary relationships . . . .*" (*Rubenstein v. Rubenstein*, *supra*, 81 Cal.App.4th at p. 1150.) "'This duty includes the obligation to make *full disclosure to the other spouse of all material facts and information regarding the existence, characterization, and valuation of all assets . . . .*" (*Ibid*.) "The fiduciary relationship and broad disclosure obligation continue postseparation until the marital property is divided." (*Id*. at p. 1151.) "A spouse who conceals the existence of community assets . . . cannot claim the judgment of dissolution is conclusive . . . ." (*Id*. at p. 1152.)

We must give "the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Moreno v. Sanchez*, *supra*, 106 Cal.App.4th at p. 1422.) A "delayed accrual of a cause of action" is shown where the plaintiff lacked "the opportunity to discover[] the facts constituting the cause of action." (*Id*. at p. 1423.) "[J]udicial decisions have declared the discovery rule applicable in situations where the plaintiff is unable to see or appreciate a breach has occurred." (*Ibid.*)

In his amended pleading, Alvary alleged he had no opportunity to detect the fraudulent transfers "before they were shown to him in August 2013," because of: 1) concealment by Lamey, 2) his medical condition, and 3) his need to rely on others to handle his financial affairs. Alvary alleged he "has been 100% disabled since 2006." He has damage to his spine and has "continuing pain management regimes." His "cognitive abilities, including awareness and judgment, have been impaired." Between September 2007 and September 2010, he "was under the care of a psychiatrist" and received "anti-depressants," which "further degraded his cognitive abilities." Since "the dissolution of marriage, [Alvary] *has required the assistance of others to marshal his assets and handle the payment of bills* every month." (Italics added.)

Delayed discovery may be shown where the defendant had superior knowledge and exclusive access to the documents that reveal the facts concealed from the plaintiff. (*Parsons v. Tickner* (1995) 31 Cal.App.4th 1513, 1526-1527.) It may be shown

7.

in cases where "the defendant maintains custody and control of a plaintiff's property or interests." (*April Enterprises Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 827.)

Alvary alleged Lamey had such knowledge, control and access to his documents and property. During the marriage he "relied" on Lamey to handle "all of their financial affairs." He "had no reason to suspect that she had improperly diverted community property assets" at that time. They lived together "until her departure in February 2013." Their community funds "were deposited into one joint checking account." She had the power to "sign checks" and "withdraw funds" without his signature. Lamey managed that account and made unauthorized payments to her parents from it. "All of the transfers" from that account "were concealed from" him and were for the purpose of benefiting "insiders"--her parents. They were made "without receipt of any reasonable value in exchange." Lamey made "two strings of payments" to her parents "with actual intent to defraud [him] of his separate property or his half interest in the community property funds transferred . . . ."

"Delayed accrual of a cause of action is viewed as particularly appropriate where the relationship between the parties is *one of special trust* such as that involving a *fiduciary*, confidential or privileged relationship." (*Moreno v. Sanchez*, *supra*, 106 Cal.App.4th at p. 1424, italics added.) Consequently, a spouse may file post-dissolution litigation to reclaim property after discovering concealment of facts by the other spouse. (*Rubenstein v. Rubenstein*, *supra*, 81 Cal.App.4th at p. 1151-1152.) Alvary alleged Lamey had a "fiduciary" duty not to "improperly [divert] community property assets." Lamey breached that duty by making transfers from the account with "intent" to "defraud" and by concealing the fact that those funds went to her parents.

We have reviewed the parties remaining contentions and we conclude they will not change the result.

### DISPOSITION

The judgment is reversed as to the fifth cause of action. The trial court is directed to grant Alvary leave to amend the fourth cause of action. We modify the

judgment and order the first three causes of action to be transferred to the family court. In all other respects, the judgment is affirmed. The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

Rebecca S. Riley, Judge

Superior Court County of Ventura

_____

Larry DeSha for Plaintiff and Appellant.

Law Office of Alfred Vargas, Alfred Vargas for Defendants and Respondents.