Filed 12/13/21 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| C.T.,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>K.W.,<br><br>     Defendant and Appellant. | A161993<br><br>(City & County of San Francisco<br><br>Super. Ct. No. FCV-19-814465)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING AND REQUEST FOR JUDICIAL NOTICE; NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on November 15, 2021, be modified as follows:

1. On page 3, footnote 4, delete the second and third sentences, as well as the words "In any event" in the last sentence so that the footnote reads:

> [4] Around the same time, mother filed paternity actions in New York and Utah seeking child support from father. These proceedings are not relevant to the issue currently before the court.

1

2. On page 8, line 5, delete the third sentence of the paragraph and insert the following sentence:

> It is undisputed that, to establish father's paternity, the San Francisco court relied on the Los Angeles court's prior determination of paternity (subsequently reflected in the Los Angeles court's judgment).

3. On page 10, line 4, at the end of the first paragraph after the words "such a requirement," add as footnote 11 the following footnote, which will require renumbering the subsequent footnote:

> [11] We note that section 7605 authorizes attorney fees in this matter with respect to issues of custody and visitation only. While there may be overlap between these issues and the resolution of the allegations of mother's domestic violence, the court has discretion to properly allocate any fees awarded.

There is no change in the judgment.

Appellant's "Corrections to Opinion," filed November 23, 2021, is deemed a petition for rehearing and is hereby denied. Appellant's request for judicial notice filed December 10, 2021 is denied. Respondent's petition for rehearing is also denied.

Dated: December 13, 2021                                  POLLAK, P. J.

2

Trial court:                              San Francisco County Superior Court

Trial judge:                             Honorable Monica F. Wiley

Counsel for plaintiff and respondent:     SUCHERMAN · INSALACO LLP

                                          Michelene Insalaco

                                          Janet Simmonds

Counsel for defendant and appellant:      K.W., in propria persona

Filed 11/15/21 (unmodified opinion)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| C.T.,  Plaintiff and Respondent,  v.  K.W.,  Defendant and Appellant. | A161993  (City & County of San Francisco Super. Ct. No. FCV-19-814465) |

K.W. (mother) appeals an order entered in this contentious domestic violence action denying her requests under various provisions of the Family Code[1] and the Code of Civil Procedure that C.T. (father) be ordered to pay her attorney fees.[2] She contends the trial court erred in finding that she was not entitled to attorney fees under any of the cited statutes. While we agree that most of the statutes cited by mother are not applicable, we conclude that she may be entitled to attorney fees under Family Code section 7605. Accordingly, we shall reverse the order and remand for the court to determine whether an award of fees and costs is appropriate, using the appropriate needs-based criteria.

---

[1] All statutory references are to the Family Code unless otherwise noted.

[2] Father's motion to identify the parties using only their initials is granted.

## Background

The relevant background is not contested.[3] The parties' son was born in November 2018. Immediately following the child's birth, mother initiated a claim with the local child support agency in Los Angeles, which filed a child support action against father in Los Angeles Superior Court. Subsequent testing established father's paternity. Mother was added as a party to that action and a stipulated judgment was entered in May 2019.

In the meantime, in February 2019, father initiated the present action under the Domestic Violence Prevention Act, section 6200 et seq., in San Francisco, requesting protective orders as well as sole legal and physical custody of his son. In support of his request for a protective order, father submitted documents evidencing mother's repeated online cyberstalking and harassment of father, conduct which as discussed *post,* led to the filing of criminal charges against mother in the San Francisco Superior Court. The petition also alleges that mother has a criminal history of domestic violence and at that time in Utah was facing electronic harassment charges involving a different victim. Much if not all of the threatening and harassing behavior alleged in the petition involves the child and the petition alleges that the child is at risk as a result of mother's "compulsive, obsessive and abusive behaviors."

In March 2019, the San Francisco court issued an amended temporary restraining order awarding father sole custody of the child and authorizing him to retrieve the child, with the assistance of local authorities. Shortly

---

[3] Our recitation of the factual and procedural history is drawn in part from this court's prior opinion in this case. ([*C.T. v. K.W.*] (A158691, June 29, 2021) [nonpub. opn.].)

thereafter, father retrieved his son from his maternal grandparent's home in Utah. Since then the child has resided in California with his father.[4]

In January 2020, proceedings on the domestic violence restraining order were stayed pending resolution of felony stalking charges filed against mother in San Francisco criminal court. Issues of custody and visitation, however, continued to be litigated. In August 2020, the court denied mother's request to modify custody and continued mother's supervised visitation in-person at a location in Hayward and by Zoom video conferencing when mother is in Utah.

Between August and October 14, 2020, mother filed several motions in connection with requests for modification of the custody and visitation orders requesting attorney fees under various statutes, including section 7605. The court consolidated her requests and held a hearing on attorney fees on January 12, 2021.[5]

Following the hearing, the court denied mother's request for fees. The court explained that none of the statutory grounds cited by mother in support of her request permitted a fee award at this time. In summary, the court found with respect to section 271 and Code of Civil Procedure section 128.5, that father had not exhibited any conduct to warrant a sanction-based fee

---

[4] Around the same time, mother filed paternity actions in New York and Utah seeking child support from father. While the Utah court initially stayed mother's paternity case based on California's prior exercise of custody jurisdiction, the stay was lifted and some custody issues were litigated while the jurisdiction of the California court was being determined on appeal. The outcome of the paternity actions filed by mother in New York is unclear from the record. In any event, these proceedings are not relevant to the issue currently before the court.

[5] In September 2020, father filed a petition requesting that mother be declared a vexatious litigant under Code of Civil Procedure section 391, subdivision (B)(1). His petition was granted in January 2021.

award. The court found that sections 2030, 2107, 3120, and 3121 were inapplicable because these statutes apply only to married parties and the parties here were never married. The court found that section 3027.1, subdivision (a) is not applicable because there has been no finding that father has made false allegations of child abuse and that section 3452 is not applicable because mother is not the prevailing party in an action to enforce an out-of-state custody order. Finally, the court explained that section 7605, which authorizes attorney fees in actions brought under part 3 of the division 8 of the Family Code (the Uniform Parentage Act) is not applicable because the present action was brought under division 10 of the Family Code (Prevention of Domestic Violence). Mother filed a notice of appeal.[6]

## Discussion

At the outset, we recognize the legitimate arguments and concerns raised by father regarding the inclusion of inflammatory and irrelevant materials in mother's appendix and her repeated citation to unpublished decisions. While these concerns are significant, we give no consideration to those items and, given the nature of these proceedings, we deny his request to dismiss the appeal on this ground.

Similarly, we recognize that mother failed to file all of the required documentation in support of her attorney fee request, so that her motions may have been procedurally defective. (See Cal. Rules of Court, rule 5.427(b)(1).) Arguably, the trial court "implicitly excused [m]other's procedural noncompliance by not rejecting her motion on that basis." (*N.S. v. D.M.* (2018) 21 Cal.App.5th 1040, 1054.) In any event, because of the nature

---

[6] Mother's requests for judicial notice of documents filed and transcripts of hearings held after entry of the order on appeal is denied on the grounds of relevance. Mother's request for judicial notice of the record in the prior appeal (A158691) is granted.

4

of these proceedings, we deem it appropriate to consider the merits of the mother's appeal rather than affirm the trial court's order based on procedural defects. As discussed *post,* we conclude mother is potentially entitled to recover fees and costs under section 7605, subdivision (a).

Initially, we summarily reject mother's arguments regarding the other statutory grounds cited in her motions. The trial court did not abuse its discretion in finding that father had not exhibited any conduct sufficient to support a sanction-based fee award under section 271 or Code of Civil Procedure section 128.5. The trial court also correctly determined that mother was not entitled to fees under section 3027.1 because there have been no findings that father has made false allegations of child abuse, and that mother was not entitled to fees under section 3400 et seq. because she is not the prevailing party.[7] Similarly, while mother is not entitled to attorney fees under section 6344 for the same reason that she is not a prevailing party, there is nothing in the language of that provision, or in logic, as father contends, that excludes the right to attorney fees under another applicable provision simply because fees are not justified under section 6344.

Section 7605, subdivision (a), provides: "In any proceeding to establish physical or legal custody of a child or a visitation order under this part, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a government entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding

---

[7] Mother's opening brief does not challenge the court's rulings under sections 2107, 3120, and 3121.

during the pendency of the proceeding." (See also *N.S. v. D.M.*, *supra,* 21 Cal.App.5th at pp. 1052-1053 [Section 7605 "allows fee shifting in both an *initial* proceeding to establish custody or visitation under the Uniform Parentage Act [citation] and in 'any proceeding subsequent to entry of a related judgment.' "].)[8] The purpose of this statute " 'is not the redistribution of money from the greater income party to the lesser income party' but instead 'parity: a fair hearing with two sides equally represented.' [Citation.] 'The idea is that both sides should have the opportunity to retain counsel, not just (as is usually the case) only the party with greater financial strength.' " (*Id.* at p. 1053.)

Mother contends the court erred in concluding that she was ineligible for fees under this section. She argues that the present proceeding is "related" to the paternity proceeding filed in Los Angeles under the Uniform Parentage Act. In *N.S. v. D.M., supra,* 21 Cal.App.5th at page 1055, the court explained that "[i]n keeping with its statutory purpose, 'the most obvious function of the "related" proceeding language is to allow a trial court to fully ensure both parties' ability to maintain or defend a [family law action].' [Citation.] Two suits might be ' "related" ' if they 'involve the same or similar subject matter' as the family law action and could have been part of that action. [Citations.] . . . [¶] Another way two suits might be 'related' is if the separate civil suit intends an *effect* on the family law action."

---

[8] Similarly, section 7640 authorizes the court to "order reasonable fees of counsel, experts, and the child's guardian ad litem, and other costs of the action and pretrial proceedings, including genetic testing, to be paid by the parties, excluding any governmental entity, in proportions and at times determined by the court. The court may apply the standards set forth in Sections 2032 and 7605 in making this determination."

Whether an action is related to a case brought under the Uniform Parentage Act within the meaning of section 7605 is a factual question for determination by the trial court. (*N.S. v. D.M., supra,* 21 Cal.App.5th at p. 1055.) Here, the trial court concluded that the actions were not related. The court explained that mother "did previously initiate a UPA [Uniform Parentage Act] case in the County of Los Angeles, through the California Department of Child Support Services. A judgment issued in that case in 2019. The DCSS case is closed. Neither party sought custody orders in that case. That case has never been consolidated with the within action." Although the court was certainly correct that the Los Angeles proceedings have terminated and were never formally consolidated with the San Francisco action, undisputed facts in the record nonetheless establish that the two actions are unquestionably related for purposes of section 7605.

The subject matter of both cases is clearly the same or similar. Although the Los Angeles action did not consider custody and visitation, those issues could have been resolved in that action. The summons and complaint served on father in the Los Angeles action requests that mother be added as a party to the action and advises that "[a]fter the other parent has become a party to the lawsuit either parent may then ask the court to decide issues concerning support, custody, visitation, and restraining orders (domestic violence). No other issues may be raised in this lawsuit. Either parent may go to court to modify the court order." Instead, the circumstances described at length in this court's prior opinion caused those issues to be adjudicated in the domestic violence proceedings in San Francisco, where adjudication of those matters is still continuing. The request for child custody and visitation orders attached to father's restraining order petition expressly identifies the Los Angeles actions as a pending "other custody case."

According to email communications between mother and father's counsel, before the filing of the domestic violence action in San Francisco, the parties agreed to move the Los Angeles case to San Francisco. According to those communications, they were informed by the Los Angeles social services agency that it would not support a change of venue at that time. It is undisputed that the San Francisco court relied on the judgment of paternity entered in the Los Angeles action to establish father's paternity. Given this record, the only supportable finding is that the two proceedings are related for purposes of section 7605. (See *N.S. v. D.M.*, *supra*, 21 Cal.App.5th at p. 1056 [determination that cases were related for purposes of section 7605 is the "only . . . possible finding from the record.")

Father contends that even if the matters are related, the court properly denied mother's request because such a request should have been brought in the Los Angeles action. We disagree. Nothing in the language of section 7605 requires that the motion for fees be brought in the initial action filed under the Uniform Parentage Act, rather than in a related proceeding. The statute provides for fees "in *any proceeding* subsequent to entry of a related judgment." (§ 7605, subd. (a), italics added.) While the court in *N.S. v. D.M., supra,* 21 Cal.App.5th at pages 1056 stated broadly that "a request for fees and costs incurred in 'related' proceedings must be brought in the *family law action*, not in the 'related' proceeding," the court did so in rejecting the argument that mother's failure to bring a motion for fees in the related action precluded recovery under section 7605. That case upholds the right to seek fees in the initial family law action, despite the fact that fees were incurred in a related action, but the court there had no occasion to consider whether in

8

such a case fees could be obtained in the related action. The cases the court cites in support of that "rule" are also factually distinguishable.[9]

Given that the issues of custody and visitation are actively being litigated in the San Francisco action, not the Los Angeles action, the court in San Francisco is in a superior position to analyze the relevant factors for an attorney-fee award under section 7605.[10] Requiring the issue to be litigated

---

[9] In *In re Marriage of Green* (1992) 6 Cal.App.4th 584, 589, 591, the court upheld an award for attorney fees that were incurred in several related proceedings but awarded in the family law proceeding. The court noted that in one of those related cases (a malicious prosecution action against the attorney representing husband's ex-wife) the court, after upholding the attorney's demurrer, stated that if husband's "claims had merit he should have sought relief 'not through an independent action but through an award of attorney fees and sanctions against [the attorney] within the dissolution action.' " (*Ibid.*, quoting *Green v. Uccelli* (1989) 207 Cal.App.3d 1112, 1116.) In *Neal v. Superior Court* (2001) 90 Cal.App.4th 22, a husband filed a civil action seeking to set aside a promissory note entered in a dissolution action. The appellate court found that the family law court had jurisdiction over the matter and issued a writ directing the trial court to sustain wife's demurrer. In conclusion, the court added, "Moreover, because of the inextricable connection between [husband's] supposedly civil causes of action and the family law case . . . , we direct the *family law court* to make an appropriate attorney fee award in [wife's] favor for having been dragged through this unnecessary excursion in the civil court." (*Id.* at pp. 26-27.) These cases do not support the conclusion that the motion for attorney fees under section 7605 *must* be brought in the family law action.

[10] Section 7605, subdivision (b) provides in relevant part: "When a request for attorney's fees and costs is made under this section, the court shall make findings on whether an award of attorney's fees and costs is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (See also *Darab Cody N. v. Olivera* (2019) 31 Cal.App.5th 1134, 1143 ["When considering a request for attorney fees, 'the trial court must determine what is just and

9

as a postjudgment motion in the Los Angeles action would place a pointless and unnecessary burden on both the parties and the court system. Absent an express statutory requirement, we see no utility in reading into the statute such a requirement.

Contrary to father's arguments, the cases discussing the alleged "public policy in California that a domestic violence survivor should not have to finance their own abuse" are not applicable. Admittedly father has been found entitled to provisional relief based on the as-yet unadjudicated showing of mother's abuse, and "there is a significant public policy against domestic violence . . . 'granting spousal support to a convicted abuser is unconscionable.' " (*In re Marriage of Cauley* (2006) 138 Cal.App.4th 1100, 1106.) Nevertheless, this domestic violence action has become the proceeding in which custody of the parties' son is being determined. At present, mother— proceeding in propria persona—claims to be unable to afford counsel to counteract what she perceives as a well-financed effort to deprive her of custody and visitation of her son. While we do not necessarily accept mother's characterization, " '[t]he principle of the best interests of the child is the sine qua non of the family law process governing custody disputes.' [Citation.] Imposing attorney fees on the wealthier party in paternity actions 'ensure[s] that both sides of the custody dispute are represented and are able to present evidence bearing on the best interests of the child' when 'a court is determining who gets custody of a child.' " (*Robert J. v. Catherine D.* (2005) 134 Cal.App.4th 1392, 1403, quoting *Banning v. Newdow* (2004) 119 Cal.App.4th 438, 447, 451.) The focus on the best interests of the child in

reasonable under the circumstances, taking into consideration the parties' needs and ability to pay *and the conduct of each party*.' "].)

10

custody disputes remains true even when one parent is alleged to have engaged in domestic violence.

Because the trial court did not exercise its discretion to consider mother's request under section 7605, subdivision (a), remand is necessary for the court to determine whether an award of fees and costs is justified under that section, using appropriate criteria. We express no view as to whether an award of fees and costs is justified.[11]

### Disposition

The order denying mother's request for attorney fees is vacated, and the matter is remanded for further proceedings to determine whether mother may recover attorney fees pursuant to section 7605 in connection with the custody and visitation issues being litigated in the San Francisco action. Mother is entitled to recover her costs on appeal.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.

---

[11] Mother's request that we direct that this matter be assigned to a different judge on remand is denied.

Trial court:                                 San Francisco County Superior Court

Trial judge:                                 Honorable Monica F. Wiley

Counsel for plaintiff and respondent:        Michelene Insalaco
                                             Janet Simmonds
                                             SUCHERMAN · INSALACO LLP

Counsel for defendant and appellant:         K.W., in Propria Persona