Filed 5/2/22  Richards v. Richards CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ALICIA MARIE RICHARDS, | |
| Plaintiff and Appellant, | G059675 |
| v. | (Super. Ct. No. 30-2018-00986705) |
| RYAL W. RICHARDS et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Glenn R. Salter, Judge.  Affirmed.  Requests for judicial notice granted.

Alicia Marie Richards in pro. per.

Law Offices of Kevin E. Robinson and Kevin E. Robinson for Defendant and Respondent Ryal W. Richards and Kevin E. Robinson.

Law Offices of Randy K. Vogel and Randy K. Vogel for Defendants and Respondents Patricia Strang and Kevin E. Robinson.

Alicia Marie Richards and Ryal W. Richards have been embroiled in a long drawn-out and highly acrimonious dissolution action for several years.[1] Alicia has filed multiple unsuccessful appeals in connection with the couple's divorce judgment and Ryal's efforts to enforce it.[2] In April 2018, while some of her appeals were pending, Alicia filed a fraud action against Ryal. In 2020, the trial court sustained Ryal's demurrer without leave to amend. Alicia's arguments on appeal attacking the trial court's jurisdiction to consider the demurrer, as well as her contention she sufficiently pled eight causes of action, lack merit. Accordingly, we affirm the judgment of dismissal entered in favor of Ryal.

BACKGROUND FACTS

We incorporate by reference the summary of facts outlined in *Richards I*, concerning the dissolution action. Relevant to this appeal, Alicia and Ryal were each represented by counsel in 2016 when Ryal filed a dissolution petition and moved out of the family residence (Property). (*Richards I,* G055927.) Ryal, claiming he could not afford to maintain the Property in addition to a separate residence, requested a hearing on

---

[1] We will refer to the parties by their first names to avoid confusion.

[2] *In re Marriage of Richards* (Jan. 9, 2020, G055927) [nonpub. opn.] (*Richards I*) [affirmed order refusing to set aside stipulated marital dissolution judgment ordering sale of family residence]; *In re Marriage of Richards* (Jan. 9, 2020, G056626) [nonpub. opn.] (*Richards II*) [regarding postjudgment orders]; *In re Marriage of Richards* (May 18, 2020, G056921) [nonpub. opn.] (*Richards III*) [postjudgment orders regarding enforcement of judgment]; *In re Marriage of Richards* (Oct. 6, 2020, G057803) [nonpub. opn.] (*Richards IV*) [affirmed 2018 orders denying motions to quash/vacate Ryal's writ of possession].)

We have also considered two tangentially related appeals arising from the dissolution action. In *Lavacot v. Richards* (Mar. 30, 2020, G056745) [nonpub. opn.], we considered Alicia's failed efforts to obtain money from her great-grandparents' trust to buy out Ryal's interest in the family residence. In *Zech v. Richards* (Mar. 8, 2022, G057798) [nonpub. opn.] (*Zech*), we determined the court had subject matter jurisdiction to enter judgment in Alicia's former attorney's breach of contract/collection action.

selling the Property immediately. (*Ibid.*) He believed the Property's equity was approximately $800,000. (*Ibid.*) Alicia indicated she wanted to purchase the Property. (*Ibid.*) In 2017, Alicia and Ryal, with their counsel, appeared for a hearing and entered into a settlement agreement and stipulation for judgment. (*Ibid.*) The 11-page proposed judgment concerned many of the parties' disputes, including custody arrangements, credits, and support payments. With respect to the Property, the agreement provided Alicia with a July 7, 2017, deadline to obtain funds from a family trust to buy out Ryal's share, or alternatively a timeline and process for vacating and selling the residence if Alicia did not purchase the Property before July 7. (*Ibid.*)

All did not proceed as planned. Alicia was unable to buy out Ryal's share before the July deadline, and in September 2017, she filed a motion to vacate or set aside the stipulated judgment. (*Richards I,* G055927.) Alicia asserted she was defrauded and coerced into signing the settlement. She added the stipulated judgment was the result of duress and she described multiple incidents of perceived misconduct. Before the hearing, Alicia filed two more declarations raising additional allegations of fraud, concealment, duress, mistake, and inequity. (*Ibid.*) In January 2018, the court considered the moving papers and oral argument before denying the motion. (*Ibid.*) Alicia appealed the ruling.

A few months later, on April 17, 2018, Alicia filed a lawsuit against Ryal alleging causes of action for fraud, missexual conduct, right of privacy, intentional infliction of emotional distress, defamation of character, threats and spousal abuse, breach of contract, "detriment," and breach of fiduciary duty. Later that year, Alicia amended the complaint to name as defendants Ryal's trial counsel, Kevin Eugene Robinson, and Ryal's mother, Patricia Strang.

The following month, Ryal filed a demurrer to the complaint. Before Alicia could respond, the court on its own motion notified the parties it intended to stay the proceedings. It ruled as follows: "It appears that this civil case raises issues that are

3

already pending in a [f]amily [l]aw case involving these parties . . . . It also appears that this court may not have jurisdiction over certain issues raised in the civil case because the plaintiff has filed an appeal . . . from orders made in the [f]amily [l]aw case that potentially are part and parcel of the complaint filed in the civil case."

A week later, the court issued an order stating, "On the [c]ourt's own motion, and for the reasons stated in [the prior] minute order . . . this matter is STAYED pending further order of the [c]ourt. The demurrer to the complaint is therefore OFF CALENDAR." The court scheduled a status review for April 2019 to give the parties an opportunity to update the court on the status of the family law case and Alicia's appeals from orders made by the family law court.

In October 2019, the court ruled the matter was stayed because Alicia filed a Chapter 13 bankruptcy. After Alicia notified the trial court the bankruptcy stay was lifted, the court scheduled a case management conference and permitted Alicia to file the first amended complaint (FAC).

In May 2020, Alicia's FAC repeated some of the original causes of action, and added a few new ones, as follows: (1) fraud in fact and deceit; (2) negligent infliction of emotional distress; (3) right of privacy; (4) intentional infliction of emotional distress; (5) defamation of character; (6) threats and spousal abuse; (7) breach of contract and covenants; (8) breach of fiduciary duty; and (9) rescission of contract for fraud. Ryal demurred to the FAC asserting Alicia's exclusive remedy was in the dissolution action under provisions of the family code. He also maintained that many of Alicia's complaints were about conduct protected by the litigation privilege. (Civ. Code, § 47, subd. (b).) Alicia opposed the demurrer, claiming she alleged facts sufficient to support each of her causes of action.

Robinson and Strang filed special motions to strike (anti-SLAPP motion) (Code Civ. Proc., § 425.16).[3] They also requested permission to join in Ryal's demurrer if there were "any surviving claims" after the court ruled on the anti-SLAPP motion. The parties filed multiple requests for judicial notice.

The court sustained the demurrer without leave to amend. Its minute order contained the following explanation: "This civil action raises the same issues resolved in the marital dissolution proceeding. It casts them in a different light, but at their core they are the same. . . . [¶] The plaintiff's sole remedy was in the family courts. The plaintiff stipulated to a judgment and then sought to set it aside for fraud. The motion was denied and the plaintiff's appeal was unsuccessful."

The court did not rule on Robinson's and Strang's motion to join Ryal's demurrer. We mention this fact only because Robinson and Strang were designated respondents in this appeal despite the lack of a ruling for or against them on the joinder motion. Strang filed a brief stating she wanted to join respondent's brief. She correctly noted the joinder motion became moot after the trial court granted her anti-SLAPP motion. The same is true for Robinson. Nevertheless, Strang's counsel felt compelled to request joinder because Alicia named her and Robinson as parties in this appeal. [4]

---

[3] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

[4] The rulings on the anti-SLAPP motions were the subject of separate appeals we consolidated and recently considered. We affirmed the trial court's rulings in *Richards v. Strang* (May 2, 2022, G059305) [nonpub. opn.]. Robinson filed a respondent's brief on behalf of himself, Ryal, and Strang. On the same day, counsel for Strang filed a separate brief joining in respondent's brief. This was unnecessary because Alicia did not challenge the trial court's failure to rule on the joinder motion. She abandoned the only potential issue concerning Robinson's and Strang's connection to the demurrer ruling. There was no need for Robinson or Strang to insert themselves into Ryal's respondent's brief.

5

Ryal filed a memorandum of costs as the prevailing party. Alicia filed a motion to strike or tax costs. The court granted the motion in part awarding $910.40, but denied costs related to photocopying and scheduling issues ($228.50). In November 2020, the court entered a judgment of dismissal.

PENDING MOTIONS ON APPEAL

In September 2021, Ryal filed a request for judicial notice of portions of the appellate record filed in *Richards I* (G055927) [nonpub. opn.], and this court's *Richards I* opinion. Specifically, Ryal asks this court to take judicial notice of the original marital dissolution petition, the settlement agreement, and documents related to Alicia's efforts to overturn the stipulated judgment. These documents were all originally filed in Ryal and Alicia's dissolution case (Orange County Super. Ct. case No. 15D009634) and became part of our appellate record when Alicia challenged the court's postjudgment rulings.

Alicia filed an opposition asserting those documents were not the proper subject of judicial notice because they were not filed in the lower court in the underlying case. Ironically, in July 2021, Alicia filed a request for judicial notice of six documents filed in the dissolution action (Orange County Superior Court case No. 15D009634), some of which became part of our appellate record in *Richards I, supra,* (G055927). In her request for judicial notice, Alicia acknowledges records from any court of this state may be judicially noticed. (Evid. Code, §§ 452, subd. (d)(1), 459.) The old adage comes to mind—What's good for the goose is good for the gander. We grant Ryal's and Alicia's requests for judicial notice of documents contained in the appellate record of a prior appeal. (Evid. Code, §§ 452, subd. (d)(1), 459, see also *Stephenson v. Drever* (1997) 16 Cal.4th 1167, 1170, fn. 1 [took judicial notice of entire appellate record of prior appeal].)

6

On a final note, there seems to be some confusion about whether we must take judicial notice of our prior unpublished opinions. We may cite to prior unpublished opinions without taking judicial notice and without violating California Rules of Court, rule 8.1115(a) because "[w]e . . . cite the decision to explain the factual background of the case and not as legal authority. [Citation.]" (*Pacific Gas and Electric Company v. City and County of San Francisco* (2012) 206 Cal.App.4th 897, 907, fn. 10.)

The last pending motion is Robinson and Strang's motion to join Ryal's brief and for costs. As explained in footnote 3, there was no reason to file this motion after reviewing Alicia's opening brief, which was focused entirely on Ryal. We deny the motion to join and for costs.

## DISCUSSION

Alicia maintains the court's ruling on the demurrer must be reversed for the following reasons: (1) the court lacked subject matter jurisdiction; (2) eight causes of action were sufficiently pled to constitute a cause of action; (3) the court should have granted her leave to amend; (4) res judicata and claim preclusion do not apply to any of her causes of action; (5) her causes of action are protected speech under Civil Code section 47, subdivision (b); and (6) her claims are not barred by the statute of limitations. We conclude these claims lack merit.

I. *Self-Represented Litigants*

The trial court's orders are presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority and analysis on each point made, supported by appropriate citations to the material facts in the record. If the appellant does not meet this burden, the argument will be deemed forfeited. (*Ewald v. Nationstar Mortgage* (2017) 13 Cal.App.5th 947, 948 ["We have repeatedly held that the failure to provide legal authorities to support arguments forfeits contentions of error"].) These rules of appellate procedure apply to Alicia even though she is representing herself.

7

(*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.) "When a litigant is appearing in propria persona, he [or she] is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]." (*Ibid.*)

Alicia has the mistaken impression she is entitled to special treatment because she represented herself. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985 [self-representation not grounds for lenient treatment].) This is not intended to penalize self-represented litigants; instead, it is necessary to maintain stability in appellate proceedings, requiring adherence to the forms and procedures that govern appeals. This in turn supports the appellate court's independent and unbiased decision-making.

## II. *Subject Matter Jurisdiction*

### A. *Applicable Legal Authority Regarding Subject Matter Jurisdiction*

There is a large body of case law "stand[ing] for the central idea that family law cases should not be allowed to spill over into civil law, regardless of whether the family law matter may be characterized as an action for fraud [citation], malicious prosecution [citation], or securities law violation [citation]. Almost all events in family law litigation can be reframed as civil law actions if a litigant wants to be creative with various causes of action. It is therefore incumbent on courts to examine the substance of claims, not just their nominal headings." (*Neal v. Superior Court* (2001) 90 Cal.App.4th 22, 25 (*Neal*).) For example, in the *Neal* case, husband sued his ex-wife for breach of contract because she did not comply with the terms of a dissolution judgment. (*Id.* at p. 26.) He sued her for fraud based on statements she made in the family law order to show cause (OSC) and for abuse of process based on representations made in the family law court. (*Ibid.*) "In substance [the case was] a family law OSC with civil headings." (*Ibid.*)

This deference to the family court stems from the principle of priority of jurisdiction. (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1449-1450.) Cases holding

the family court has priority of jurisdiction involve issues central to the family court proceedings, such as the right to property or support payments. (See, e.g., *Burkle v. Burkle* (2006) 144 Cal.App.4th 387, 393 [when dissolution pending neither party has right to file separate civil action to enforce interim support award issued by family law court].) The cases holding the family law court has priority generally deal with lawsuits between former spouses. (*Ibid.,* see, e.g., *Neal, supra,* 90 Cal.App.4th at p. 24.)

B. *Standard of Review*

"The function of a demurrer is to test the sufficiency of the complaint as a matter of law, and it raises only a question of law. [Citations.] On a question of law, we apply a de novo standard of review on appeal. [Citation.] [¶] A general demurrer is appropriate where the complaint 'does not state facts sufficient to constitute a cause of action.' (Code Civ. Proc., § 430.10, subd. (e).) . . . [¶] A demurrer is likewise appropriate where the complaint on its face discloses that '[t]he court has no jurisdiction of the subject matter of the cause of action.' (Code Civ. Proc., § 430.10, subd. (a).) Such a demurrer 'is functionally similar to a demurrer for failure to state a cause of action, and therefore is deemed a "general demurrer." [Citation.]' [Citations.]" (*Holiday Matinee, Inc. v. Rambus, Inc.* (2004) 118 Cal.App.4th 1413, 1420-1421 (*Holiday*).)

""""We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed." [Citation.]' [Citations.] The trial court's construction of the pleadings is not binding upon us; we determine independently whether the complaint states a cause of action. [Citation.] [¶] 'A general demurrer will lie where the complaint "has included allegations that *clearly* disclose some defense or bar to recovery." [Citation.]' [Citation.]" (*Holiday, supra,* 118 Cal.App.4th at p. 1421.)

9

C. *Analysis*

Alicia asserts she "agrees" with the trial court's determination it lacked subject matter jurisdiction. However, she maintains the court abused its discretion "by proceeding and ruling on the demurrer . . . instead of transferring this case back to the family law court." She cites to cases holding a court has authority to transfer claims, and the court's failure to do so resulted in "a miscarriage of justice." She concludes the court's error in failing to "transfer" her case denied her due process right to have her claims heard. In addition, Alicia requests that we determine the court's judgment was void for lack of jurisdiction. (Citing *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 200 (*Varian*) [court lacked subject matter jurisdiction during pendency of appeal, and therefore, could not proceed to trial and enter judgment for plaintiffs].)

By raising the above contentions, we gather Alicia now understands that she mistakenly filed her lawsuit in a court lacking subject matter jurisdiction to consider her family law related claims. However, she appears to be confused about the remedies available to her in this kind of situation. She fails to appreciate the court had authority to consider and decide the question of whether it lacked subject matter jurisdiction to adjudicate the merits of a dispute.

As aptly noted by Alicia, any judgment or order rendered by a court lacking subject matter jurisdiction is void on its face. (*Varian, supra,* 35 Cal.4th at p. 196.) For this reason "'an alleged lack of subject matter jurisdiction must be addressed whenever it comes to a court's attention.' [Citation.] Moreover, it ordinarily is addressed as a threshold matter, as its absence deprives the court of authority to adjudicate the merits of the dispute. [Citations.]" (*Lefebvre v. Southern California Edison* (2016) 244 Cal.App.4th 143, 152.)

One way the issue of jurisdiction can be addressed as a threshold matter is via a demurrer. This motion contends that even if the opposing party's allegations are

10

accepted as true, relief is barred as a matter of law. One of the appropriate grounds for a demurrer is that the trial court lacks subject matter jurisdiction. "In its most fundamental or strict sense, 'lack of jurisdiction' means an entire absence of power to hear or determine the case[.]" (*Wozniak v. Lucutz* (2002) 102 Cal.App.4th 1031, 1040, disapproved of on another ground in *Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 844.)

We therefore accept Alicia's concession that each of her causes of action directly concerned the ongoing marital dissolution action and all her claims involved matters that needed to be resolved by the family law court. Having concluded the court lacked subject matter jurisdiction over the complaint, and that the demurrer was properly sustained on this basis, we need not reach the merits of Ryal's remaining challenges to the complaint (e.g., litigation privilege etc.).

This brings us to the heart of Alicia's appeal. Must we accept Alicia's proposed remedy of ordering the trial court to transfer her fraud case to the same family law trial judge who considered the martial dissolution action? In short, the answer is no.

Alicia cites to no legal authority, and we found none, to support her proposed remedy. She repeatedly cites to a single case which did not consider a court's authority to transfer a case to a different superior court judge. (Citing *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 815 [anti-SLAPP case], disapproved on other grounds, *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68 fn. 5.) Indeed, she incorrectly attributes the following quotation to the *Wilcox* court: "transfer authority is one of the inherent powers of the court." Our research shows this quotation was taken from the Supreme Court opinion, *Walker v. Superior Court* (1991) 53 Cal.3d 257, 267 (*Walker*), in its discussion of former Code of Civil Procedure section 396.

In the *Walker* case, the Supreme Court considered the superior court's authority to transfer a case to municipal court if the alleged damages could not possibly

11

satisfy the threshold amount. (*Walker, supra,* 53 Cal.3d at p. 268.) After this opinion was published, the prior version of Code of Civil Procedure section 396 was repealed as a result of trial court unification, i.e., the municipal and superior courts were combined. The statute was amended to resolve a split of authority as to whether a superior court lacking jurisdiction could transfer a case to an appellate court or the Supreme Court. Neither the former nor the current version of Code of Civil Procedure section 396 impose on superior court judges a sua sponte obligation to transfer a case to a different courtroom of the superior court.

In any event, if we assume for the sake of argument the civil court could have transferred the matter to a different courtroom, this would not have helped Alicia. As outlined in respondent's brief, Alicia's civil lawsuit mirrors the allegations considered and rejected by the family law court ruling on her motion to set aside the marital settlement and stipulated judgment. Alicia's fraud, duress, coercion, emotional distress, privacy infringement, defamation, spousal abuse, and fiduciary duty claims were discussed at length in the declarations supporting her motion to set aside the dissolution judgment. Alicia claims she did not receive a fair hearing on these issues, but this contention is belied by the record. Alicia's obvious disagreement with the family court's decision does not entitle her to a second bite of the proverbial apple. We cannot permit Alicia to keep relitigating her dispute simply because she did not obtain the result she wanted.

II. *Remaining Contentions on Appeal*

Having affirmed the trial court's decision to sustain the demurrer on lack of jurisdiction grounds, we need not consider the alternative arguments raised in Alicia's briefing. Alicia's concession the court lacked subject matter jurisdiction to rule on the demurrer is dispositive on the issue of whether she adequately pled eight causes of action. As noted by Alicia, a court lacking jurisdiction cannot adjudicate the merits of any of her

causes of action.  For this same reason, Alicia's argument she should have been granted leave to amend also fails.  Alicia does not suggest how she would amend the complaint to confer jurisdiction.  We also need not address Alicia's argument the court erred in sustaining the demurrer based on res judicata or the statute of limitations.  We affirm the ruling based on a lack of subject matter jurisdiction.

### DISPOSITION

The judgment is affirmed.  Respondent Ryal Richards shall recover his costs on appeal.  In the interests of justice, Respondents Patricia Strang and Kevin Robinson shall not recover their costs on appeal.


O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.